Case 4:15-cv-02628   Document 26   Filed in TXSD on 03/21/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 21, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL STURGEON, | § | |
|     *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-02628 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director of the Texas Department of | § | |
| Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
|     *Respondent*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Paul Sturgeon, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his felony theft conviction. Dkt. 1. Respondent filed a motion for summary judgment. Dkt. 20. After reviewing the record, the Court recommends that Respondent's motion be granted and Sturgeon's petition be denied with prejudice.

### BACKGROUND

Sturgeon is currently serving a nine-year sentence for theft of property valued at more than $20,000 but less than $100,000, pursuant to the judgment of the 248th Judicial District Court of Harris County, Texas, delivered on June 23, 2011. *See* Dkt. 17-1 at 110. Sturgeon's conviction was affirmed on appeal. *See Sturgeon v. State*, No. 01-11-00575-CR, 2013 WL 816377 (Tex. App.—Houston [1st Dist.] Mar. 5, 2013, pet. ref'd). The Texas Court of Criminal Appeals (TCCA) refused Sturgeon's petition for discretionary review.[1] Sturgeon then filed two state habeas applications, and later filed his federal petition on September 11, 2015. On September 16, 2015, the TCCA denied both state habeas applications without a written order based on the findings of the trial court without a hearing. Dkt. 18-25; Dkt. 18-29.

### ANALYSIS

---

[1] *See* PD-1593-13, *available at* http://www.search.txcourts.gov/Case.aspx?cn=PD-1593-13&coa=coscca.

Summary judgment is proper when there exists no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This standard applies to habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The writ of habeas corpus is an extraordinary remedy available only to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Koetting v. Thompson*, 995 F.2d 37, 39 (5th Cir. 1993).

Sturgeon's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254. Section 2254 sets forth a "'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). A petitioner cannot obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in:

(1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Bearing in mind that Sturgeon proceeds *pro se*, the Court construes Sturgeon's petition to challenge his conviction on two grounds: (1) he is actually innocent based on newly discovered evidence; and (2) he is actually innocent based on a defective indictment. *See* Dkt. 1 at 6–7.

In both his petition and his memorandum in support of his petition, Sturgeon claims that newly discovered evidence "unquestionably" proves his innocence. Dkt. 1 at 6; Dkt. 3 at 12. Specifically, Sturgeon points to the "newly discovered evidence" of the indictment, complaint, a

copy of a debit to his checking account, and Texas Penal Code § 31.04 (theft of service), arguing that the outcome of his trial would have been different if these documents had been available for the defense of his case. Dkt. 3 at 12–13. Sturgeon asserted these same arguments in his state habeas proceedings, and the district court found that Sturgeon failed to provide any newly discovered evidence upon which to evaluate his actual innocence claim. Dkt. 18-28 at 62. That court also construed Sturgeon's actual innocence claims as a challenge to the sufficiency of the evidence used to convict him, and the court concluded that such a challenge could not be brought in habeas. *Id.* at 63. The TCCA denied the application based on these findings. Dkt. 18-25.

Although Sturgeon's arguments could be construed as a challenge to the sufficiency of the evidence, Sturgeon adamantly responds that his actual innocence claim should not be construed as a challenge to the sufficiency of the evidence. Dkt. 25 at 6–7. Therefore, the petition presents only actual innocence claims.

The Court agrees with the state court that Sturgeon fails to present any newly discovered evidence to support his arguments. None of the evidence presented by Sturgeon is newly discovered, and none of the evidence he presents casts a doubt as to his guilt. Sturgeon represented himself at trial, and the record reflects that he was admonished as to the dangers of doing so. *See* Dkt. 17-10 at 7–12. Sturgeon might only now have discovered new defenses or theories based on these documents that he wishes he had asserted at trial. But this does not change the fact that this "newly discovered evidence," including the Texas Penal Code, was available to him when he presented his case to the jury. Moreover, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceedings." *Herrera v. Collins*, 506 U.S. 390, 400 (1993).

Also unavailing is Sturgeon's claim that the indictment was fatally defective for not specifying the make and model of the vehicle stolen. "Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). The TCCA, in denying Sturgeon's applications, implicitly found the details of the indictment to be sufficient under state law. This Court will inquire no further into the sufficiency of the indictment.

## CONCLUSION

For these reasons, the Court recommends that Respondent's motion for summary judgment be granted and the petition be denied with prejudice. The Court also recommends that a certificate of appealability not issue.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on March 21, 2016.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge